1  BRADLEY D. ROSS (BAR NO. 101293)
   bdr@ffslaw.com
2  ARMEN G. MITILIAN (BAR NO. 203191)
   agm@ffslaw.com
3  BETHANY R. QUINN (BAR NO. 240404)
   brq@ffslaw.com
4  FREEMAN, FREEMAN & SMILEY, LLP
   Penthouse Suite
5  3415 Sepulveda Boulevard
   Los Angeles, California  90034
6  Telephone:  (310) 255-6100
   Facsimile:  (310) 391-4042
7
   Attorneys for Plaintiff
8  FEDERAL DEPOSIT INSURANCE
   CORPORATION as Receiver for AMTRUST
9  BANK

10 MIR SAIED KASHANI, ESQ.
   saiedkashani@googlemail.com
11 800 West First Street, Suite 400
   Los Angeles, California 90012
12 Telephone:  (213) 625-4320
   Facsimile:  (213) 652-1900
13
   Attorneys for Defendants
14 BARBARA BERNSTEIN, STEPHEN R. BERNSTEIN
   and STEPHEN ROY BERNSTEIN, as Trustee
15 of the STEPHEN ROY BERNSTEIN INTERVIVOS
   TRUST DATED JUNE 1, 1995
16

17              UNITED STATES DISTRICT COURT

18             CENTRAL DISTRICT OF CALIFORNIA

19 AMTRUST BANK,                      Case No. EDCV-09-02275-VAP (DTBx)

20         Plaintiff,                 **RULE 26(f) JOINT REPORT RE
                                      EARLY MEETING OF COUNSEL**
21    vs.
                                      Date:  January 31, 2011
22 CARRIAGE ESTATES, III, LLC,        Time:  1:30 p.m.
   BARBARA BERNSTEIN, STEPHEN         Loc.:  U.S. District Court
23 ROY BERNSTEIN, as Trustee of the          3470 Twelfth Street
   STEPHEN ROY BERNSTEIN                     Courtroom 2
24 INTERVIVOS TRUST DATED JUNE 1,            Riverside, CA
   1995, STEPHEN R. BERNSTEIN,
25 PACIFIC CREST COMMUNITIES,
   INC., CRAFTON HILLS 109 LP, A
26 CALIFORNIA LIMITED
   PARTNERSHIP, and DOES 1 through
27 100, inclusive,

28         Defendants.

FREEMAN, FREEMAN & SMILEY, LLP
SUITE 1200
LOS ANGELES, CA 90034-6060
(310) 255-6100

FREEMAN, FREEMAN & SMILEY, LLP
SUITE 1200
LOS ANGELES, CA 90034-6060
(310) 255-6100

Pursuant to Federal Rule of Civil Procedure 26(f), Plaintiff Federal Deposit Insurance Corporation as Receiver for AmTrust Bank ("Plaintiff") and Defendants Barbara Bernstein, Stephen Roy Bernstein, as Trustee of the Stephen Roy Bernstein Intervivos Trust Dated June 1, 1995, and Stephen R. Bernstein ("Defendants") hereby submit this Joint Report[1] of Early Meeting of Counsel.

## I.   **SYNOPSIS OF THE CASE**

On or about December 21, 2006, AmTrust Bank as lender, then named Ohio Savings Bank ("AmTrust"), entered into a loan agreement with defendant Crafton Hills 109, LP ("Crafton"), consisting of a land loan in the maximum amount of $16,350,000 and a unit construction loan pursuant to which Crafton was given a revolving credit line

---

[1]   Plaintiff's counsel attempted on numerous occasions prior to the Court's deadline to confer with Defendants' counsel regarding the discovery plan and the content of the Rule 26(f) Joint Report, including a letter sent to now-prior counsel for Defendants on January 5, 2011. However, Plaintiff's counsel was informed on January 6, 2011, that Defendants were now represented by a new attorney, Mr. Kashani. Accordingly, Plaintiff's counsel promptly attempted to contact Mr. Kashani, sending him an email on January 6, 2011. On January 7, 2011, Plaintiff's counsel again attempted to contact Defendants' new counsel, by both email and telephone. Plaintiff's counsel was never contacted by Defendants' counsel. Defendants' substitution of counsel was approved by the Court on January 11, 2011. Plaintiff's counsel was able to reach Defendants' new counsel by phone briefly on January 14, 2011, at which time Defendants' counsel requested additional information before he could complete the process of conferring with respect to discovery issues under Rule 26. Defendants' counsel further requested that Plaintiff's counsel send him an email with her contact information. Plaintiff's counsel emailed him with her contact information promptly on January 14, 2011, and sent him the other information he had requested on January 19, 2011, and inquired as to his availability to finish conferring regarding the Joint Report. After hearing nothing in response to this email, Plaintiff's counsel drafted this Joint Report and sent it to Defendants' counsel the morning of January 21, 2011, asking him to provide his clients' additions by the end of the day. At the end of the day, after hearing nothing from Defendants' counsel, Plaintiff's counsel again sent him an email requested that he call or email her as soon as possible to discuss the Joint Report. In spite of these multiple attempts by Plaintiff's counsel to confer with Defendants' counsel, Defendants' counsel never responded to Plaintiff's counsel and never finished conferring with Plaintiff's counsel as ordered by the Court. Although Plaintiff has attempted to incorporate Defendants' contributions into this Joint Report as much as Plaintiff has been able to glean their positions from the brief conversation with Defendants' counsel, Plaintiff cannot say for certain whether this Joint Report reflects Defendants' position with respect to a discovery plan and the other matters contained in the Joint Report.

1260631.1
17810-806

in the amount of $15,000,000.  Pursuant to this loan agreement, AmTrust agreed to loan to Crafton a total of $31,500,000.  The money was to be used to purchase land and construct single family homes as part of a development in San Bernardino County, California.

At the time of the loan agreement, Defendants, as well as defendants Carriage Estates III, LLC ("Carriage Estates") and Pacific Crest Communities, Inc. ("Pacific Crest") each separately executed and delivered an Unconditional and Continuing Guaranty and Indemnity Agreement (as to Defendants, the "Guaranties") in which each of them separately provided absolute and unconditional guaranties for the full and prompt payment of any principal, interest, premiums, penalties and late charges not timely paid by Crafton with respect to the loan.

AmTrust filed this lawsuit on or about November 20, 2008 after Crafton breached the loan agreement by, inter alia, failures to timely repay a protective advance in the amount of $189,035, to effect the release of mechanic's liens on the property, to resolve stop notices, to timely pay unit construction loans upon maturity, and to make monthly payments due under the loan agreement.

Crafton, Carriage Estates, and Pacific Crest all failed to file timely answers, and their defaults were entered on January 6, 2009 (as to Carriage Estates and Pacific Crest) and on May 29, 2009 (as to Crafton).  Defendants answered the Complaint on January 14, 2009.  No cross-complaints or counterclaims have been asserted.  AmTrust filed a First Amended Complaint on or about March 4, 2009.  Subsequently, AmTrust foreclosed on the subject property, which was sold at a trustee's sale in March 2009.

On December 14, 2009, the trial court granted AmTrust's ex parte application for an order substituting Federal Deposit Insurance Corporation ("FDIC") as Receiver for the successor to AmTrust in this action, and the First Amended Complaint was amended to reflect this substitution.  On or about December 14, 2009, this action was removed to the United States District Court for the Central District of California.

FREEMAN, FREEMAN & SMILEY, LLP
SUITE 1200
LOS ANGELES, CA 90034-6060
(310) 255-6100

EDCV09-02275-VAP (DTBx)
RULE 26(f) JOINT REPORT RE EARLY MEETING OF COUNSEL

1260631.1
17810-806

## II.   **LEGAL ISSUES**

AmTrust's First Amended Complaint asserts causes of action for breach of contract against all defendants except Crafton, breach of the implied covenant of good faith and fair dealing against all defendants except Crafton, and for appointment of a receiver against Crafton (as well as the Doe defendants).  The receiver was discharged in state court.

## III.   **DAMAGES**

At the time of the trustee's sale, $16,094,177.90 was reflected as due in the Trustee's Deed Upon Sale as of March 27, 2009.  $6,450,000 was obtained at the trustee's sale that same day.  Thus, as of the date of the trustee's sale, a deficiency of $9,644,177.90 remained on the loan.  Interest has accrued following the trustee's sale at a rate of $3,073.68 per day, leaving a balance due at the time of the filing of this report of $11,697,396.14 plus attorney fees.

## IV.   **DISCOVERY AND EXPERTS**

### A.   **Discovery Plan**

Current Status of Discovery:

Discovery conducted to date: While this case was in state court, AmTrust propounded form interrogatories to defendant Stephen Bernstein, which he responded to.  Defendants propounded on AmTrust form interrogatories, special interrogatories, and requests for production of documents, and AmTrust timely responded.

No Required Changes of Limitations on Discovery Under Federal Rule of Civil Procedure § 26(a):

Plaintiff does not propose any changes to the timing, form or requirement for disclosures under Rule 26(a).

Subjects on Which Discovery May Be Needed:

Anticipated further discovery by Plaintiff consists of the depositions of each of the three Defendants regarding the execution of the Guaranties and the loan documents,

FREEMAN, FREEMAN & SMILEY, LLP
SUITE 1200
LOS ANGELES, CA 90034-6060
(310) 255-6100

1260631.1
17810-806

1  Defendants' breaches of the Guaranties, the affirmative defenses raised by Defendants,

2  and any other issues Defendants may raise throughout the course of the litigation.

3      At this time, it is not anticipated that discovery should be conducted in phases or

4  be limited to or focused on particular issues.  Plaintiff anticipates that discovery should

5  be completed within 120 days.

6      Issues Related to Electronically Stored Information:

7      Plaintiff does not currently foresee any issues about disclosure or discovery of

8  electronically stored information.

9      Issues Regarding Claims of Privilege:

10     Plaintiff has not identified any specific privilege or trial preparation issues.

11     Changes or Limitations on Discovery:

12     At this time, Plaintiff does not foresee any issues requiring changes or limitations

13 of discovery imposed under the existing rules.

14     Timing of Expert Witness Disclosures:

15     Plaintiff requests that expert witness disclosures be conducted in accordance

16 with Rule 26(a)(2)(C).

17 **V.   COMPLEXITY**

18     Plaintiff does not believe that all or part of the procedures of the Manual for

19 Complex Litigation should be utilized.

20 **VI.   DISPOSITIVE MOTIONS**

21     Plaintiff may bring a motion for summary judgment with respect to the

22 Defendants' breaches of the Guaranties.  Plaintiff requests that the cut-off date for any

23 such motions be set in accordance with Rule 56.

24 **VII.  SETTLEMENT**

25     The parties have not engaged in substantive settlement negotiations to date.  As

26 indicated in the ADR-01 form that the Court requested by submitted with this Joint

27 Report, Plaintiff proposes Settlement Procedure No. 3, whereby the parties shall appear

28 before a retired judicial officer or other private or nonprofit dispute resolution body for

1260631.1
17810-806

FREEMAN, FREEMAN & SMILEY, LLP
SUITE 1200
LOS ANGELES, CA 90034-6060
(310) 255-6100

1 | mediation-type settlement procedures, or Settlement Procedure No. 1, before a
2 | discovery magistrate judge.

3 | **VIII. <u>TRIAL ESTIMATE</u>**

4 |      Plaintiff estimates a five to seven day nonjury trial. Plaintiff estimates calling
5 | four witnesses.

6 | **IX. <u>ADDITIONAL PARTIES</u>**

7 |      Plaintiff is not aware of any intended motions seeking to add other parties or
8 | claims, amend the pleadings, or transfer venue.

9 | **X. <u>OTHER ISSUES</u>**

10 |      Plaintiff is not aware of any other issues affecting the status or management of
11 | the case.

13 | DATED: January 24, 2011      FREEMAN, FREEMAN & SMILEY, LLP

15 |                /s/ Bethany R. Quinn
16 | By: BRADLEY D. ROSS
     ARMEN G. MITILIAN
17 |      BETHANY R. QUINN
     Attorneys for Plaintiff
18 |      FEDERAL DEPOSIT INSURANCE
     CORPORATION as Receiver for
     AMTRUST BANK

21 | DATED: January 24, 2011

23 | By: MIR SAIED KASHANI
     Attorneys for Defendants
24 |      BARBARA BERNSTEIN, STEPHEN R.
     BERNSTEIN and STEPHEN ROY
25 |      BERNSTEIN, as Trustee of the
     STEPHEN ROY BERNSTEIN
26 |      INTERVIVOS TRUST DATED JUNE 1,
     1995

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CA 90034-6060
(310) 255-6100

1260631.1
17810-806

## CERTIFICATE OF SERVICE

I, Brenda Goff, hereby certify that:

On January 24, 2011, Plaintiff Federal Deposit Insurance Corporation as Receiver for AmTrust Bank's **RULE 26(f) JOINT REPORT RE EARLY MEETING OF COUNSEL** was filed electronically.  Notice of this filing was sent to all registered parties in the action by operation of the Court's electronic filing system.  Parties can access this filing through the Court's system.

Also on January 24, 2011, I deposited in the United States Mail at Los Angeles, California, a copy of the document entitled **RULE 26(f) JOINT REPORT RE EARLY MEETING OF COUNSEL** in an envelope addressed to counsel of record for Defendants, addressed as follows:

**Mir Saied Kashani, Esq.**
**800 West First Street, Suite 400**
**Los Angeles, California 90012**

**Tel:  (213) 625-4320**
**Fax: (213) 652-1900**

**Email:  saiedkashani@googlemail.com**

I certify that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

I declare under penalty of perjury that the foregoing is true and correct. Executed on January 24, 2011, at Los Angeles, California.

Brenda Goff